Woolley *v.* Sergeant.

## JOHN WOOLLEY *v.* DAVID SERGEANT.

### CERTIORARI.

A note in writing by A, directed to C, requesting him to credit B or bearer thirty dollars, and he A, would pay C, is not a bill of exchange, or negotiable note; and a person who guarantees such an instrument is bound to see that the drawer pays according to the terms of it, and cannot set up want of demand or notice as a defence.

Woolley the plaintiff in certiorari prosecuted Sergeant, in the court for the trial of small causes in an action of debt and among other items of his state of demand there was one as follows: "March 24th, 1822. To John Miller's note or draft at 30 days, in favor of this plaintiff, on this defendant, accepted, $30." The instrument offered in evidence before the justice in support of this charge was in the words following, "Mr. David Sergeant, please to credit John Woolley, or bearer, thirty dollars, and I will pay you by the tenth of day of April next, and you will oblige your friend,

JOHN MILLER.

March 24, 1822."

On the back of this instrument was this indorsement, " I guarantee the within 27th March, 1822, John Woolley." The justice on the trial of the cause before him, rendered judgment for Woolley the plaintiff for the whole amount of his demand; from this judgment Sergeant appealed, and the Court of Common Pleas, on the trial of the appeal reversed the judgment of the justice, and rendered judgment in favor of Sergeant, on a set off for $12.45 cents. To reverse this judgment of the Common Pleas Woolley brought this certiorari.

*J. W. Miller*, for plaintiff.

*H. Ford*, for defendant.

The opinion of the Court was delivered by

FORD, J. This case, which originated in the court for small causes, went into the Common Pleas by appeal, and into this Court by certiorari, presents a question touching the *legal* responsibilities of a guarantee under the following circumstances. One Miller drew a request upon Sergeant, to credit 30 dollars on book account to Woolley; he Miller promising to pay the money at a certain day; and Woolley himself giving a *guaranty* of this promise on the back of the instrument. Sergeant never demanded payment of Miller, though the latter lived in good credit several months after the money became payable, before he removed out of the place, leaving it wholly unpaid and lost. The question is, on which party the law imposes this loss?

In cases of guaranty and suretyship, the law regulates the responsibility of parties by a general rule; but with its usual sagacity, it provides that general rule with every wise and necessary exception; so that the general rules of law appear open and plain, like common highways, while the exceptions resemble drift ways, and lanes, by being a

little more intricate, but very useful and commodious in their places. The general rule of suretyship assumes this plain and simple form; that if the principal fails to pay or perform according to his undertaking, the surety must pay or perform in his stead. It is this general rule which governs the responsibily of parties to all covenants, recognizances, bonds, special agreements, and similar undertakings. Thus if a person give a bond on the borrowing of money, and *A.* who has no interest in the transaction, join in the bond *as security,* he renders himself responsible till the money is *actually paid.* The creditor has nothing whatever to do; it becomes the duty of the surety to *see* that the principal pays the money. 6 *Ves. Jun.* 734, *Wright* v. *Simpson.* If the case before us come therefore under the general rule, it certainly is the duty of the surety to *see* that Miller pays the money, or else to pay it for him.

But an inquiry yet remains to be made touching the *exception* to the general rule; and whether this guaranty may not come under such exception. The mercantile transactions of the country, which are mostly done on short periods of credit, and constitute a great portion of the common mass of business, generally employ in their traffic *two kinds* of paper, under the names of bills of exchange and negotiable notes; and the law, out of favor to commerce, has made for these *mercantile instruments,* an exception to the general rule, by making the responsibility of parties thereto, conform to the *custom of merchants.* Under this exception, the parties find their dutes very different from those under the general rule, and nearly *inverted;* for here the *surety* has nothing to do; while the most punctual diligence is exacted from the *creditor;* he must make a demand of the debt as soon as it becomes due, and give immediate notice of non payment *to the surety;* a neglect of either of which duties will absolve the surety in case of a loss. But this exception, founded on the law merchant extends to commercial instruments only, and was never applied to paper

not of that character in any instance within my knowledge. Now a note or bill of exchange never comes within the custom of merchants unless it be drawn *to order* or *bearer* in negotiable form, and for the payment of *money*. But the instrument giving rise to the present dispute amounts neither to a bill of exchange under the custom of merchants nor to a negotiable note under the provisions of the statute; for it does not require Sergeant to pay a cent of *money;* but only to give credit on a book account; and it confines this request of credit to Woolley *himself;* so that in the nature of things it does not admit of being indorsed over to *another* person, nor of entering into circulation like mercantile paper from hand to hand; nay it does not remain in the hands even of the person in whose *favor* it is drawn. In the case of *Philips* v. *Astling,* 2 *Taunton* 206, the guaranty respected a *regular bill of exchange;* it did also in the three cases from 3 *Taunt.* 130, 8 *East.* 242, *and* 2 *John. Cases* 507. But in *Merle* v. *Wells,* 2 *Camp.* 413, a recovery was obtained against a defendant who had guaranteed the payment of a book debt, *without any evidence of a demand on the principal;* and a recovery under like circumstances was had in the case of *Mason* v. *Pitchard,* 2 *Camp.* 436. An effort was formerly made in his court to bring an *endorsed obligation* within the *custom of merchants;* but it failed on the ground of not coming within the custom or the statute. *Garretsie* v. *Vanness,* 1 *Pen.* 20.

The present guaranty is given upon an instrument in no wise *commercial,* in no respect *negotiable,* nor capable of circulation in the general market; and an example of placing such instruments under the regulations provided for *commercial paper only,* beside perverting the law merchant to a foreign use, and confounding the general rule and exception together, would spread a net-work of forms over the *non-commercial* and plain dealings of the country, and catch and entangle the property of those who are not merchants nor familiar with the numerous rules that govern

their peculiar paper. The security stood bound under the general rule in this case to see to the payment of the money, and therefore the judgment of the Common Pleas ought to be affirmed.

Judgment affirmed.